UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-CV-60691-VALLE
(CONSENT CASE)

DEBORAH ARMSTRONG,

    Plaintiff,

v.

MSC CRUISES S.A.,
f/k/a MSC CRUISES (USA) INC.,

    Defendant.

_____/

## ORDER SETTING TRIAL AND PRE-TRIAL SCHEDULE, REQUIRING MEDIATION

THIS CAUSE came before the Court upon the parties' consent to jurisdiction to authorize the undersigned Magistrate Judge to conduct all further proceedings in the case, including trial and entry of final judgment pursuant to 28 U.S.C. § 636(c). (ECF No. 29). On October 5, 2018, United States District Judge Beth Bloom transferred this case to the undersigned. (ECF No. 32). Thereafter, the parties filed a Joint Motion for Status Conference (the "Motion"), seeking to extend the trial date and pre-trial Deadlines. (ECF No. 38). The Court heard the Motion on October 29, 2018. (ECF Nos. 39 and 42). Having reviewed the record, the Motion, and the Court's calendar, and having considered counsel's arguments, it is hereby **ORDERED AND ADJUDGED** that the trial date and pre-trial deadlines are extended as follows:

Trial will begin on **Thursday, August 15, 2019 at 9:00 a.m.** Calendar call will be held on **Monday, August 12, 2019, at 2:00 p.m.** No pre-trial conference will be held unless a party requests one, and the Court determines that one is necessary. Unless otherwise indicated by

subsequent order, the trial and all other proceedings in this case shall be conducted at the **U.S. Courthouse, 299 E. Broward Boulevard, Fort Lauderdale, Florida**.  A courtroom designation will follow.

The parties shall adhere to the following deadlines:

| | |
|---|---|
| **March 22, 2019**. | Parties disclose experts and exchange expert summaries or reports. |
| **April 5, 2019**. | Parties exchange rebuttal expert witness lists and summaries or reports. |
| **April 19, 2019**. | All discovery, including expert discovery, is to be completed. |
| **May 10, 2019**. | Parties must have participated in a settlement conference before U.S. Magistrate Judge Patrick M. Hunt. |
| **May 31, 2019**. | All pre-trial, *Daubert*, and dispositive motions are filed.  Each party is limited to filing one *Daubert* motion.  If all evidentiary issues cannot be addressed in a 20-page memorandum, the parties may request leave to exceed the page limit.  The parties are reminded that *Daubert* motions must contain the Local Rule 7.1(a)(3) certification. |
| **June 14, 2019**. | Parties must have completed mediation and filed a mediation report within seven days of conducting mediation. |
| **June 28, 2019**. | Parties submit joint pre-trial stipulation in accordance with Local Rule 16.1(e), proposed jury instructions and verdict form, or proposed findings of fact and conclusions of law, as applicable, and motions *in limine* (other than *Daubert* motions).  Each party is limited to filing one motion *in limine*.  If all evidentiary issues cannot be addressed in a 20-page memorandum, the parties may request leave to exceed the page limit.  The parties are reminded that motions *in limine* must contain the Local Rule 7.1(a)(3) certification. |

**Referral to Magistrate Judge for Settlement Conference**.  This case is hereby referred to U.S. Magistrate Judge Patrick M. Hunt for a settlement conference.  The parties are to contact Judge Hunt's Chambers to schedule the conference to be conducted by the date listed above, unless otherwise ordered by Judge Hunt or the undersigned.

**Procedures for Discovery Motions**.  Discovery matters are handled on an expedited briefing schedule and with a shortened page limitation.  Responses and replies to discovery motions are due no later than seven (7) days after a motion, or response, is filed. These deadlines are inclusive of the mailing days allotted by the Federal and Local Rules.  Contrary deadlines that may appear on the Court's docket or on reports generated by CM/ECF cannot modify these procedures.  Any discovery motion and response, including the incorporated memorandum of law, shall not exceed ten (10) double-spaced pages.  Any reply memoranda shall not exceed five (5) double-spaced pages.

**Discovery Deadlines Generally**.  The parties may stipulate to extend the time to answer interrogatories, produce documents, and answer requests for admissions.  The parties shall not file with the Court notices or motions memorializing any such stipulation unless the stipulation interferes with the deadlines set forth above.  Only stipulations that would interfere with the Court's deadlines require approval by the Court.  *See* Fed. R. Civ. P. 29.  In addition to the documents enumerated in Local Rule 26.1(b), the parties shall not file notices of deposition with the Court.  Strict compliance with the Local Rules is expected, particularly with regard to motion practice.  *See* S.D. Fla. L.R. 7.1.  Moreover, the parties are on notice that the Court enforces Rule 37.

**Summary Judgment Motions**.  Strict compliance with Local Rule 56.1 is expected. Pursuant to Local Rule 56.1(a)(2), a statement of material facts must be supported by specific references to pleadings, depositions, answers to interrogatories, admissions, and affidavits on file with the Court.  In the event a responding party fails to controvert a movant's supported material facts in an opposing statement of material facts, the movant's material facts will be deemed admitted.  Local Rule 56.1(b).  In the interest of judicial economy, in the interest of proper and

careful consideration of each party's statement of material facts, and in the interest of determining matters on summary judgment on the merits, the Court hereby orders the parties to file any statements of material facts as follows:

1. The moving party shall file a statement of material facts as a separate filing from a motion for summary judgment.

2. Each material fact in the statement that requires evidentiary support shall be set forth in individually numbered paragraphs and supported by a specific citation. This specific citation shall reference pages (and paragraph or line numbers, if applicable) of the cited exhibit(s). When a material fact requires evidentiary support, a general citation to an exhibit, without a page number or pincite, is not permitted.

3. Each exhibit referenced in the motion for summary judgment and/or in the statement of material facts must be filed on the docket. Exhibits that have already been filed on the docket need not be refiled. If a deposition transcript is referenced, a complete copy must be filed, including all exhibits. Within twenty-four (24) hours of filing a motion for summary judgment, the movant shall separately file an index of the cited exhibits that names each exhibit and references the docket entry at which that exhibit may be found.

4. The responding party may file an opposing statement of material facts that responds to the moving party's statement of material facts. A responding party's opposing statement of material facts must specifically respond to each statement in the movant's statement by setting forth each of the individually numbered paragraphs contained in the movant's statement and after each paragraph, detail respondent's response or opposition. By way of example:

<u>Movant's Statement of Material Facts</u>

1. Blackacre is a vacant property located at 123 Main Street. Exhibit A ¶ 1.

2. John Smith owns Blackacre. Exhibit B ¶ 12.

<u>Respondent's Opposing Statement of Material Facts</u>

1. Blackacre is a vacant property located at 123 Main Street. Exhibit A ¶ 1.  Admitted that Blackacre is located at 123 Main Street. Exhibit A ¶ 1.  Denied that the property is vacant. Exhibit C at 5.

2. John Smith owns Blackacre. Exhibit B ¶ 12.  Denied as phrased.  Admitted that the last recorded deed to Blackacre names John Smith. Exhibit B ¶ 12.

5. Each exhibit referenced in the response to the motion for summary judgment and/or in the opposing statement of material facts must be filed on the docket.  Exhibits that have already been filed on the docket need not be refiled.  If a deposition transcript is relied upon, a complete copy must be filed, including all exhibits.  Within twenty-four (24) hours of filing a response to the motion for summary judgment, the responding party shall separately file an index of the cited exhibits that names each exhibit and references the docket entry at which that exhibit may be found.

6. In the event that cross motions for summary judgment are filed, the Court may order the parties to submit a consolidated statement of material facts and responses as appropriate.  If cross motions are anticipated, the parties may jointly move for an order to file consolidated statements prior to filing the motions for summary judgment.

**Jury Instructions and Verdict Form**.  The parties shall submit their proposed jury instructions and verdict form jointly, although they need not agree on each proposed instruction. Where the parties do not agree on a proposed instruction, that instruction shall be set forth in bold type.  Instructions proposed only by a plaintiff shall be underlined. Instructions proposed only by a defendant shall be italicized.  Every instruction must be supported by citation to

5

authority.  The parties shall use as a guide the Eleventh Circuit Pattern Jury Instructions for Civil Cases, including the directions to counsel contained therein.  Proposed jury instructions and verdict form, in typed form, including substantive charges and defenses, shall be submitted to the Court prior to calendar call, in Word format, via e-mail to valle@flsd.uscourts.gov.  Instructions for filing proposed documents may be viewed at http://www.flsd.uscourts.gov.

**Trial Exhibits**.  All trial exhibits must be pre-marked.  Plaintiff's exhibits must be marked numerically with the letter "P" as a prefix. Defendant's exhibits must be marked numerically with the letter "D" as a prefix.  A list setting out all exhibits must be submitted at the time of trial.  This exhibit list must indicate the pre-marked identification label (e.g., P-1, or D-1) and must also include a brief description of the exhibit.

**Deposition Designations**.  Any party intending to use deposition testimony as substantive evidence must designate by line and page reference those portions in writing.  The designations must be served on opposing counsel and filed with the Court 14 days before the deadline to file the joint pretrial stipulation.  The adverse party must serve and file any objections and cross-designations within seven days.  The initial party then has seven days to serve and file objections to the cross-designations.

**Settlement**.  If this matter is settled, counsel shall inform the Court promptly via telephone (954-769-5750) and/or e-mail (valle@flsd.uscourts.gov).

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida on October 29, 2018.

_____
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

cc: Counsel of record